UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| REGINA E.,[1] | : | Case No. 3:20-cv-257 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ENTRY

Plaintiff Regina E. brings this case before the Court challenging the Social Security Administration's denial of her application for Supplemental Security Income (SSI). This case is before the Court upon Plaintiff's Statement of Errors (Doc. #15), the Commissioner's Memorandum in Opposition (Doc. #17), Plaintiff's Reply (Doc. #19), and the administrative record (Doc. #11).

**I.     Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

In the present case[2], Plaintiff applied for benefits on September 6, 2016, alleging disability due to several impairments, including gait instability with frequent falling, worsening of atypical migraines, worsening of bilateral numbness, history of TIA (transient ischemic attack), crania[l] nerve VI palsy disorder of right vestibular nerve, urinary incontinence mixed, GERD (Gastroesophageal reflux disease), worsening of anxiety, and worsening of depression. (Doc. #11, *PageID* #314). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Laura Twilley-Roberts. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. She reached the following main conclusions:

| | |
|---|---|
| Step 1: | Plaintiff has not engaged in substantial gainful employment since September 6, 2016, the application date. |
| Step 2: | She has the severe impairments of residuals of excessive exposure to toxic fumes, including some mild balance difficulty, with possible vestibular disease and pulmonary chemical sensitivity; obesity; and affective and anxiety disorders. |
| Step 3: | She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "less than the full range of light work … [Plaintiff] can lift and carry up to 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can only occasionally perform postural activities, such as stooping, balancing, kneeling, crouching, crawling, and climbing ramps and |

---

[2] Plaintiff previously applied for benefits in October 2011. This claim was denied by decision dated June 12, 2015. (Doc. #11, *PageID* #s 108-35).

2

stairs. [Plaintiff] is further limited to no climbing of ladders, ropes, or scaffolds; no exposure to vibration or hazards, such as dangerous machinery or unprotected heights; no concentrated exposure to dust, odors, fumes[,] chemicals, poor-ventilated areas; no exposure to extremes of heat, cold, wetness, or humidity; simple, repetitive tasks; low stress work, which is defined as no strict production quotas or fast pace and only routine work with few changes in work setting; no contact with the public as part of job duties; and only occasional contact with coworkers and supervisors."

She is unable to perform her past relevant work as a welder.

Step 5:   She could perform a significant number of jobs that exist in the national economy.

(Doc. #11, *PageID* #s 52-65). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 65.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #11, *PageID* #s 56-65), Plaintiff's Statement of Errors (Doc. #15), the Commissioner's Memorandum in Opposition (Doc. #17), and Plaintiff's Reply (Doc. #19). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.   Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may

result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III. Discussion

In her Statement of Errors, Plaintiff argues that the ALJ committed reversible error in evaluating the medical source opinions and the medical record. (Doc. #15, *PageID* #s 1742-49). The Commissioner maintains that the ALJ's decision is supported by substantial evidence. (Doc. #17, *PageID* #s 1761-74).

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. "Key among these is that greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule." *Rogers,* 486 F.3d at 242 (citations omitted). The rule is straightforward:

> Treating-source opinions must be given "controlling weight" if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record."

*Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 416.927(c)(2)); *see Gentry*, 741 F.3d at 723.[3]

---

[3] On January 18, 2017, the Social Security Administration promulgated "Revisions to Rules Regarding the Evaluation of Medical Evidence," which, among other things, served to eliminate the treating physician rule for claims filed on or after March 27, 2017. *See* 82 Fed. Reg. 5844, 2017 WL 168819 (Jan. 18, 2017)(to be codified at 20 C.F.R. pts. 404, 416). Since Plaintiff's application was filed prior to the effective date of March 27, 2017, the treating physician rule is still applicable to her claims.

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson*, 378 F.3d at 544).

The Regulations also require ALJs to provide "good reasons" for the weight placed upon a treating source's opinions. *Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." *Id.* (quoting Soc. Sec. R. 96-2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996)). The goal is to make clear to any subsequent reviewer the weight given and the reasons for that weight. *Id.* Substantial evidence must support the reasons provided by the ALJ. *Id.*

In this case, Plaintiff's treating physician, Nicholas Hess, D.O., completed a medical assessment of Plaintiff's ability to do work-related activities in July 2018. (Doc. #11, *PageID* #s 1555-59). In this assessment, Dr. Hess opined that Plaintiff would only be able to lift 10 pounds occasionally and 5 pounds frequently due to the pain she experiences in her low back and lower extremities with lifting. *Id*. at 1555-56. He also concluded that Plaintiff would be limited to standing and walking for 1 hour without interruption for a total of 2 hours during an 8-hour workday. *Id*. at 1556. In support of this finding, Dr. Hess explained that Plaintiff "has gait instability" and "requires a walker to ambulate." *Id*. As for Plaintiff's ability to sit, Dr. Hess concluded that it would not be impacted, and that Plaintiff could comfortably sit for 2 hours at a

time for a total of 8 hours a workday. *Id*. According to Dr. Hess, Plaintiff could never climb, kneel, or crouch and could only occasionally balance, stoop, or crawl. *Id*. at 1557. He also determined that Plaintiff would have certain environmental restrictions as she cannot tolerate heights, operate moving machinery, or handle vibration, noise, or fumes. *Id*. at 1558. Finally, Dr. Hess opined that while Plaintiff would be unable to perform "light work" on a sustained basis, she was capable of performing "sedentary work." *Id*. at 1558-59.

In her review, the ALJ determined that Dr. Hess's opinions were not entitled to "controlling weight," but rather afforded "little weight" to his opinions. (Doc. #11, *PageID* #62). In support of this conclusion, the ALJ stated that "there is no objective evidence supporting [the] need for a walker" or "this degree of limitations." *Id*. Here, she noted that the reasons provided by Dr. Hess for Plaintiff's standing and walking limitations were her "gait stability and required walker." *Id*. Similarly, the basis for Dr. Hess's opined lifting limitations was "low back pain and low extremity pain," however, the ALJ found that Plaintiff "has no medical documentation of a back impairment." *Id*. The ALJ also cited to a July 2018 report from Dr. Hess indicating that Plaintiff's "impairments were likely from behavioral health issues and her overall functioning had improved." *Id*. Noting that Plaintiff was also treated for somatic dysfunction, the ALJ found reports that this had improved throughout October 2016. *Id*. As a result, the ALJ found Dr. Hess's opined limitations to "not [be] supported by the record." *Id*. at 62-63.

The ALJ's justifications for discounting Dr. Hess's opinions are flawed for several reasons. While the ALJ acknowledged the concept of "controlling weight" and the appropriate standard for reviewing a treating source's opinion, she failed to properly analyze Dr. Hess's opinion under the two conditions of the treating physician rule. That is, the ALJ failed to discuss whether Dr. Hess's

6

opinions are (1) well-supported by medically acceptable clinical and laboratory diagnostic techniques and (2) non inconsistent with the other substantial evidence in the case record. Instead, the ALJ improperly reduced the two-step evaluation procedure mandated by the Regulations into solely consideration of the remaining factors from the Regulations, such as the "supportability" and "consistency" factors. *See* 20 C.F.R. § 416.927(c)(1)-(6). This constitutes error because the "supportability" and "consistency" factors—along with the others listed in the Regulations—"are properly applied only *after* the ALJ has determined that a treating-source opinion will not be given controlling weight." *Gayheart*, 710 F.3d at 376 (emphasis added) (citation omitted). The ALJ's focus on the factors "hinders a meaningful review of whether the ALJ properly applied the treating physician rule that is the heart of this regulation." *Id.* (citing *Wilson*, 378 F.3d at 544).

Further, by ignoring the two-stage analysis of the treating physician rule, the ALJ also failed to satisfy her obligation to "be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. R. 96-2p, 1996 WL 374188 at *5 (July 2, 1996); *see also Wilson*, 378 F.3d at 544-45 (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)) ("The requirement also ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule.").

By collapsing the analysis of Dr. Hess's opinions into one step, the ALJ failed to evaluate his opinions under the correct legal criteria. "Because the reason-giving requirement exists to 'ensur[e] that each denied claimant receives fair process,' we have held that an ALJ's 'failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight' given '*denotes a lack of substantial*

7

*evidence*, even where the conclusion of the ALJ may be justified based upon the record.'" *Blakely*, 581 F.3d at 407 (quoting *Rogers*, 486 F.3d at 243).

Moreover, substantial evidence does not support the ALJ's decision to disregard Dr. Hess's opinion on the basis that "there is no objective evidence supporting [the] need for a walker." It is well-settled that "an ALJ 'may not substitute [her] own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Meece v. Barnhart*, 192 F. App'x. 456, 465 (6th Cir. 2006)); *see also Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJs must not succumb to the temptation to play doctor and make their own independent medical findings").

In this case, the ALJ chose to substitute her own judgment in place of Dr. Hess's when she discounted the years of treatment, diagnoses, and findings by Dr. Hess. Even assuming the ALJ was correct in finding that that a hand-held assistive device was not "medically required," her statement that there is no objective evidence supporting the need for a walker is simply at odds with the record. Indeed, in 2016, Dr. Hess prescribed a walker for Plaintiff after examining her for low back pain and finding paraspinal muscle spasm/tension in her lumbar spinal and thoracic spinal areas. (Doc. #11, *PageID* #861). Thereafter, Plaintiff was routinely documented as ambulating with a walker for stabilization and was eventually also prescribed a handicap placard. *Id*. at 854-934, 1616-1728. Plaintiff's treatment records also demonstrate a history of unsteadiness on her feet, extremity weakness and numbness, back, joint, and neck pain, dizziness, and gait disturbance, all of which are consistent with and support Dr. Hess's findings. *Id*. at 398-412, 760, 781-82, 854-934, 1616-1728. In short, by substituting Dr. Hess's assessment of Plaintiff's

8

symptoms with her own estimation of whether certain clinical findings met a necessary threshold, the ALJ exceeded the scope of her review.

For these reasons, Plaintiff's statement of error is well taken.[4]

## IV. Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[4] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to remand to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT**:

1. Plaintiff's Statement of Errors (Doc. #15) is **GRANTED**, the Commissioner's non-disability finding be vacated;

2. No finding be made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

3. This matter be **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case be terminated on the Court's docket.

February 10, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge